IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>SANDERSON FARMS, INC;<br>SANDERSON FARMS, INC.<br>(PROCESSING DIVISION)<br><br>Defendants. | CIVIL ACTION NO.5:21-cv-84-KS-JCG<br><br><u>C O M P L A I N T</u><br><u>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991, against Defendants Sanderson Farms, Inc. and Sanderson Farms, Inc. (Processing Division) (collectively "Sanderson Farms" or "Defendant"). This action is brought to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jeremy Flowers ("Flowers" or "Charging Party") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("EEOC" or the

1

"Commission") alleges Defendant refused to provide Flowers, a qualified individual with a disability, with a reasonable accommodation of his disability and instead discharged him as retaliation for engaging in protected activity, on the basis of his disability, and/or on the basis of a perceived disability, in violation of ADA provisions 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), 12112(b)(5)(B), and 12203(a).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Titles I and V of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42

U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Sanderson Farms, Inc. has continuously been incorporated and doing business in the State of Mississippi, in the City of Summit, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Sanderson Farms, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Sanderson Farms, Inc. has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Defendant Sanderson Farms, Inc. (Processing Division) has continuously been incorporated and doing business in the State of Mississippi, in the City of Summit, and has continuously had at least 15 employees.

8. At all relevant times, Defendant Sanderson Farms, Inc. (Processing Division) has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5),

and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9. At all relevant times, Defendant Sanderson Farms, Inc. (Processing Division) has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

10. More than thirty days prior to the institution of this lawsuit, Flowers filed a charge with the Commission alleging violations of Titles I and V of the ADA by Defendant.

11. On January 15, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12. On February 17, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least May 26, 2017, Sanderson Farms engaged in unlawful employment practices at its McComb Processing Plant in Summit, Mississippi. Sanderson Farms subjected Flowers to discrimination on the basis of his disability or Sanderson Farms' perception of a disability, in violation of Sections 102(a), (b)(5)(A), and (b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(A) and (b)(5)(B). Sanderson Farms retaliated against Flowers when he engaged in the protected activity of seeking a reasonable accommodation for his disability, in violation of Section 503(a) of the ADA, 42 U.S.C. § 12203(a).

    a.    Flowers was employed by Sanderson Farms at its McComb Processing Plant from on or about November 4, 2010 until Defendant terminated his employment on or about June 22, 2017. Flowers was promoted to the position of Quality Control Technician on or about February 8, 2016 and worked in this position until his discharge.

    b.    At all times relevant to the events alleged in this complaint, Flowers was a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8) who, with or without an accommodation, could perform the essential functions of the job of Quality Control Technician for Sanderson Farms in its McComb Processing Plant.

c.  At all times relevant to the events alleged in this complaint, Flowers had a neurological impairment, chronic cluster headache syndrome, that substantially limited one or more major life activities.

d.  Sanderson Farms knew of Flowers's neurological impairment and its limitations, and thus Sanderson Farms either knew of Flowers's disability or regarded Flowers as having a disability. Flowers engaged in protected activity by requesting a reasonable accommodation, that he not be required to work a night shift lasting longer than 12 hours and that he be permitted to take prescription medication on the schedule that his doctor had ordered. Sanderson Farms failed to provide the reasonable accommodation requested or any other accommodation. Sanderson Farms did not engage in any discussion of accommodating Flowers and instead discharged Flowers in retaliation for his engaging in protected activity, because of his disability, or because Sanderson Farms regarded him as having a disability.

e.  Flowers's disability flared in April 2017 and caused him to miss work under doctor's orders. When he returned to work on May 1, 2017 with excuses from his doctor, Sanderson Farms suspended him for these medically excused absences and threatened to fire him for additional medically excused absences.

f.  Flowers returned to work on May 4, 2017, even though his disability was still flaring. That evening, Flowers suffered a cluster headache attack at the

McComb Processing Plant that caused him to lose consciousness, fall down a flight of stairs, and be taken to an emergency room.

      g.     Flowers filed for medical leave on May 8, 2017, as his physician had ordered him to refrain from working until May 15, 2017.

      h.     Flowers visited his physician on May 25, 2017 and obtained a medical certification in support of his leave request. In the certification, his physician restricted him from working a shift lasting 12 hours or longer overnight. Flowers had his physician's office fax the certification to Sanderson Farms. Flowers also personally provided the certification to Sanderson Farms on May 26, 2017.

      i.     Immediately thereafter, on May 26, 2017, Flowers returned to work and was ordered by his supervisor to cover an absentee's shift after completing his own shift, which would have required Flowers to work more than 12 hours overnight and miss his scheduled dose of medication. Flowers indicated that he would work up to 12 hours but requested a reasonable accommodation, that he be permitted to work fewer than 12 hours overnight in keeping with his physician's restriction and that he be permitted to return home to take prescription medication for his condition on the scheduled ordered by his physician. Sanderson Farms refused to discuss Flowers's request for accommodation and disciplined him for seeking a reasonable accommodation by sending him home early that day and telling him not to report to work until instructed otherwise.

7

j.      Sanderson Farms does not require a Quality Control Technician to cover the shift of an absent co-worker. This was neither part of a written job description for the position nor the practice of Quality Control Technicians at the McComb Processing Plant. Quality Control Technicians worked fewer than eight hours per day on average.

k.      Sanderson Farms recalled Flowers to the McComb Processing Facility on June 6, 2017. Sanderson Farms allowed Flowers to work approximately one-half of his shift before informing him that he had been discharged as a result of his request for a reasonable accommodation, pending final approval from a manager. Sanderson Farms then had security personnel escort Flowers off the property of the McComb Processing Facility in view of his co-workers.

l.      Sanderson Farms held Flowers in suspense concerning his employment until June 21, 2017, when it informed him by telephone that he had been discharged as a consequence of seeking a reasonable accommodation for his disability. Sanderson Farms finalized Flowers's termination on June 22, 2017.

15.     The effect of the practices complained of in Paragraph 14 (including subparts a through l) has been to deprive Flowers of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

16.     The unlawful employment practices complained of in Paragraph 14 (including subparts a through l) were intentional.

8

17. The unlawful employment practices complained of in Paragraph 14 (including subparts a through l) were done with malice or with reckless indifference to the federally protected rights of Flowers.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

a. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from failing to reasonably accommodate disabled employees and from discharging employees because they are disabled.

b. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

c. Order Defendants to make Flowers whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

d. Order Defendants to make Flowers whole by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses, if any, resulting from the unlawful employment practices described in

Paragraph 14 (including subparts a through l) above, in amounts to be determined at trial.

  e. Order Defendant to make Flowers whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraph 14 (including subparts a through l) above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  f. Order Defendants to pay Flowers punitive damages for its malicious and reckless conduct, in amounts to be determined at trial.

  g. Order Defendants to provide Flowers appropriate equitable relief, in the form of reinstatement and/or an appropriate award of front pay.

  h. Grant such further relief as the Court deems necessary and proper in the public interest.

  i. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

            GWENDOLYN YOUNG REAMS
            Acting General Counsel

            EQUAL EMPLOYMENT OPPORTUNITY
            COMMISSION
            131 M Street, NE

Washington, DC 20507

_____
Marsha Lynn Rucker (PA 90041)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 651-7045
marsha.rucker@eeoc.gov