IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) PLAINTIFF, ) ) v. ) ) SANDERSON FARMS, LLC; ) SANDERSON FARMS, LLC ) (PROCESSING DIVISION), ) ) DEFENDANTS. ) | CIVIL ACTION NO. 5:21-CV-00084-KS-BWR |

## CONSENT DECREE

THIS CONSENT DECREE has been made and entered into by and between Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") and Defendants Sanderson Farms, LLC and Sanderson Farms, LLC (Processing Division) ("Sanderson" or the "Company") (individually, a "Party"; collectively, the "Parties"). This Consent Decree resolves the claims of Plaintiff in the above-referenced Civil Action No. 5:21-cv-00084-KS-BWR.

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended ("ADA") and the Civil Rights Act of 1991, 42 U.S.C. §1981a. The Commission asserts that, prior to June 22, 2017, Jeremy L. Flowers (1) was a qualified individual with a disability working at the Company's McComb/Summit, Mississippi processing plant, (2) was denied a reasonable accommodation or otherwise discriminated

1

against because of an ADA-covered disability, and (3) was retaliated against for alleged protected activity. The Company denies these allegations and denies all liability and wrongdoing of any kind, and denies violation of the ADA and/or any other law, rule, or regulation. Nothing stated in this Consent Decree constitutes, nor shall be construed or interpreted to provide, evidence or an admission by the Company of unlawful conduct under the ADA or the Civil Rights Act of 1991 or otherwise. In the interest of resolving this matter and avoiding the expense and disruption of further litigation, the Parties have agreed that this action shall be finally resolved by entry of this Consent Decree ("Decree").

This Decree does not constitute and shall not be characterized as a determination of the merits of the case, nor does this Decree adopt or express any opinion of the case theories set out in the Commission's Complaint, as amended.

This Decree constitutes the complete and exclusive agreement between the Parties with respect to the matters referenced herein. No modification or amendment of any provision of this Decree shall be effective unless approved by the Court by appropriate order. No representations or inducements to compromise this action have been made between the Parties, other than those recited or referenced in this Decree.

In the event this Decree is not approved or does not become final, it will not be admissible in evidence in any subsequent proceedings in this action, any other action, or otherwise.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court hereby APPROVES the Decree and FINDS:

2

   a. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The Decree adequately protects the rights of the Parties and the public.

   b. This Decree conforms to the Federal Rules of Civil Procedure and the ADA and does not derogate the rights or privileges of any person. The entry of this Decree furthers the objectives of the ADA and appears in the best interest of the Parties and the public.

   c. This Decree shall be final and binding between the Commission and the Company and their respective directors, officers, agents, employees, successors or assigns, and all persons in active concert or participation with each.

   d. This Decree fully and finally resolves all claims which were raised and/or which could have been raised by the Commission in this case.

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED AND DECREED:

## I. JURISDICTION

1. The Parties stipulate that this Court has jurisdiction of the Parties and the subject matter of the Commission's discrimination claims under the ADA. The Court shall retain jurisdiction over this case for the period referenced in paragraph 4 below in order to enforce the Decree.

2. No Party shall contest jurisdiction of this Court to enforce this Decree and its terms or the right of any Party to seek enforcement (as provided below) in the event of any breach of any term of this Decree.

## II. SCOPE AND DURATION OF THIS DECREE

3. The Decree shall apply only to the Company's poultry processing plant located at 4039 River Ridge Road, Summit, Mississippi 39666 (the "Subject Facility").

4. This Decree shall remain in effect for twenty-four months from the Effective Date, unless extended under the dispute resolution provisions stated in paragraph 28. The Effective Date of this Decree shall be the date it is signed by the District Judge and then entered into the electronic record of this action.

5. This Decree does not limit the Commission's right, as authorized by law, to process any separate pending or future charges that may be filed against the Company and/or to commence civil actions based on any such charges.

6. Nothing in this Decree shall be deemed to create any rights on the part of non-parties to this Decree to enforce this Decree. The right to seek enforcement of the Decree is vested exclusively in the Parties.

7. Nothing in this Decree, either by inclusion or exclusion, shall, or shall be construed to, reduce or expand the Company's obligations under the ADA.

### III. INJUNCTIVE RELIEF

8. The provisions of this paragraph 8 apply to employees and/or conditional job offerees for employment at the Subject Facility who are qualified individuals with disabilities under the ADA during the term of this Decree. Absent a non-discriminatory and non-retaliatory reason for discharge, non-hire, or other adverse employment action under the Company's policies or applicable law, the Company shall not discharge, decline to employ, or issue other adverse employment action to a qualified individual with a disability without first determining whether a requested workplace

4

accommodation is required as a reasonable accommodation under the ADA (including without limitation, any and all qualifications, exclusions, defenses, or other provision of the ADA). The process for determining whether a requested workplace accommodation is required as a reasonable accommodation under the ADA is set forth in paragraph 13 below. Failure of the employee or conditional job offeree to cooperate with this process shall be a valid ground for denial of a requested reasonable accommodation by the Company.

9. Sanderson shall not retaliate against Jeremy L. Flowers because of his underlying Charge of Discrimination, or because the Commission has asserted any rights in his behalf in this action or under this Decree. The Company shall not retaliate against any employee or conditional job offeree because such employee or conditional job offeree requested a workplace accommodation as provided in Paragraphs 8 and 13 of this Decree.

## IV. ADA POLICY MODIFICATIONS

10. The Company is currently preparing a revised policy concerning the Americans with Disabilities Act and related matters, to be implemented at the Subject Facility ("ADA Policy"). The Company will include provisions in the ADA Policy which address the subject matters referenced in Paragraph 11 below.

11. The ADA Policy will address the Company's commitment to complying with the ADA, as amended, including with respect to reasonable accommodation to qualified individuals with known disabilities; notifying employees and conditional job offerees of their right to request a reasonable accommodation and how to do so, and the

5

interactive process; prohibition of disability discrimination; how to make a complaint of alleged disability discrimination; and the Company's prohibition against retaliation for requesting a reasonable accommodation or exercising their rights under the ADA or submitting a complaint of discrimination under the policy.

12. Within 90 days of the Effective Date following this Decree, the Company will conspicuously post the ADA Policy in English and Spanish, in every break room and lunchroom at the Subject Facility. If the posted ADA Policy becomes defaced or unreadable, the Company will replace it by posting another legible copy of the revised ADA Policy.

## V. ADA POLICY ADMINISTRATION

13. Absent a non-discriminatory and non-retaliatory reason for discharge, non-hire, or any other adverse employment action under the Company's policies or applicable law, if an employee or conditional job offeree requests a workplace accommodation, the Company shall not terminate or decline his or her employment or issue other adverse employment action without first making a reasonable effort to determine whether the employee or conditional job offeree is a qualified individual with a disability and whether the requested accommodation is required as a reasonable accommodation under the ADA, as provided in paragraph 8 above. A reasonable effort includes, but is not limited to, communicating with the employee (and a union representative (if applicable), when required by the applicable collective bargaining agreement), examining any medical documentation provided by the employee, and, when required in the sole judgment of the Company, soliciting relevant additional information from the employee's treating health

6

care provider or another health care provider chosen by the Company. An employee or conditional job offeree's failure to cooperate with this reasonable accommodation process shall be a valid ground to deny a reasonable accommodation by the Company.

14. The Company will re-train its Human Resources staff, department managers and supervisors, and hourly employees at the Subject Facility as set forth in this Paragraph 14 concerning the Company's obligations under the ADA, specifically including (as defined and limited under the ADA and its implementing regulations): the provision of reasonable accommodation and its policies and practices for (a) determining whether an employee has a mental or physical impairment that substantially limits one or more major life activities; (b) determining whether a requested workplace accommodation is necessitated by such mental or physical impairment; (c) determining whether a requested workplace accommodation is reasonably calculated to enable the employee to perform his or her essential job functions; (d) determining whether all available options for reasonable accommodation have been considered; and (e) determining whether the requested workplace accommodation would pose a significant difficulty or expense for the Company's operations or a direct threat to the employee/conditional job offeree or others, as defined under the ADA. A total of two (2) hours of training during each 12-month period in which this Decree remains in effect will be provided to Human Resources staff at the Subject Facility. A total of one (1) hour of training during each 12-month period in which this Decree remains in effect will be provided to department managers and supervisors at the Subject Facility. A total of thirty (30) minutes of training during each 12-month period in which this Decree remains in

effect will be provided to all other employees at the Subject Facility. The total training periods referenced above do not have to occur consecutively and may be accomplished, in the Company's sole discretion, through lesser time increments reaching the above totals.

15. The Company will send to the Commission an outline of its training content. The Commission's receipt, review, and/or acceptance of such information shall not constitute approval of the training, or any of its content. Should the Commission propose or request revisions to any training content submitted by the Company, the Company will maintain sole discretion to reject or accept the Commission's proposed or requested revisions, and rejection by the Company of any of the Commission's proposed or requested revisions to such training content shall not constitute a violation of this Decree.

16. All individuals who attend a training will be required to complete a sign-in sheet attesting to their attendance. The Company will maintain the sign-in sheet for each training and provide it to the Commission as part of the reports referenced in Section VIII, below. No such disclosure shall be deemed a waiver or limitation of any applicable evidentiary or other privilege.

## VI. MONETARY TERMS

17. The gross, aggregate sum to be paid by the Company to Jeremy L. Flowers shall be SIXTY-TWO THOUSAND THREE HUNDRED AND EIGHTY-FOUR DOLLARS ($62,384.00), allocated as follows: (1) Seven Thousand Three Hundred and Eighty-Four Dollars allocated to claimed backpay/front pay and back benefits/front

8

benefits, with all of said amount being subject to applicable withholding deductions; and (2) Fifty-Five Thousand Dollars allocated to all alleged damages and all other relief. The Company shall remit such required deductions to the appropriate government entity.

18. Within thirty (30) days following the Effective date of this Decree, the Company shall issue payment of the monetary relief (less the required deductions referred to in paragraph 17) to Mr. Flowers by mailing by certified mail separate checks for each allocated amount payable to Jeremy L. Flowers using the address provided by the Commission. Concurrently, copies of the checks and related correspondence shall be submitted to the Commission at the following address: Regional Attorney, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205. Concurrently, electronic copies of all such correspondence will be delivered to the following email addresses: marsha.rucker@eeoc.gov, benjamin.g.cain@eeoc.gov.

19. The Company will promptly notify the Commission in the event any mailing to Mr. Flowers is returned to Defendant as undeliverable. The Company will also notify the Commission if Mr. Flowers has not cashed the checks referenced above within six months of mailing.

20. The Company shall report all monetary payments to Mr. Flowers under this Decree on IRS Form W-2 (for all taxable employment compensation, i.e. back pay and front pay) and/or IRS Form 1099 (for all compensatory damages), and shall provide the appropriate W-2 and/or 1099 forms to Mr. Flowers at the conclusion of the tax year in which the Company paid the above-described funds by sending those forms to the address for Mr. Flowers provided by the Commission, with copies to Regional Attorney,

Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205.

Within thirty (30) days after the entry of this Decree, the Company shall post the Notice made Attachment A to this Decree in the break rooms and Human Resources offices at the Subject Facility. However, the Notice in Attachment A does not create and shall not be construed as creating any substantive or procedural obligations on the part of the Company, or any substantive or procedural rights of enforcement by the Commission, under this Decree. This Decree only requires that the Notice be posted.

## VII. RECORD KEEPING

21. For the term of this Decree, the Company will retain paper or electronic records relating to employees or conditional job offerees who requested a reasonable accommodation and the Company's disposition of that request.

22. The records referenced in paragraph 21 shall contain at least the following information: (a) full name of the requesting employee or conditional job offeree; (b) job title held or sought; (c) date and nature of the employee or conditional job offeree's request; (d) a description of the process undertaken by the Company and the employee or conditional job offeree and the results of the reasonable accommodation process; and (e) last known contact information of the employee. The Company shall provide the records referenced in this paragraph to the Commission as part of the reports referenced in Section VIII, below. No such disclosure shall be deemed a waiver or limitation of any applicable evidentiary or other privilege.

23. The Company shall maintain records of any written complaints of disability discrimination, including any labor contract grievance complaining of disability discrimination, lodged by employees or conditional job offerees in connection with the administration of its revised ADA Policy. These records shall include all supporting documentation provided by the employee and shall note what actions, if any, the Company has taken to resolve the complaint or adjust the grievance. The Company shall maintain such records throughout the term of this Decree, and provide them to the Commission as part of the reports referenced in Section VIII, below. No such disclosure shall be deemed a waiver or limitation of any applicable evidentiary or other privilege.

24. The Company will comply with its existing record retention obligations pursuant to the Commission's regulations and all applicable laws, including with respect to maintenance of personnel records as required under 29 C.F.R. §1602.4.

## VIII. REPORT

25. Eleven months and twenty-three months after this Decree's Effective Date, the Company shall provide to the Commission reports showing:

   a) A summary of the information that this Decree requires the Company to disclose to the Commission;

   b) The Company's certification that the required trainings were conducted; and

   c) The Company's certification that the Notice made Attachment A hereto remained posted during the time period preceding the report.

11

No such disclosure shall be deemed a waiver or limitation of any applicable evidentiary or other privilege.

## IX. MONITORING

26. The Commission shall have the right to monitor and review compliance with this Decree. The Parties shall cooperate reasonably with each other regarding inquiries about compliance with this Decree. Specifically, the Commission shall have the right to:

   a) Review the Company's revised ADA Policy; and

   b) Review any and all training and documents that this Decree requires the Company to create or maintain.

## X. SUCCESSOR NOTIFICATION

27. The Company shall provide notice and a copy of this Decree to any successor, or acquirer or other entity into which the Company may merge. To the extent provided for in applicable law, such successors or acquiring or merged entities shall be fully liable for complying with the terms of the Decree. The Company shall provide notice to the Commission thirty (30) days following any such acquisition or merger.

## XI. DISPUTE RESOLUTION

28. In the event that any Party to this Decree believes that another Party has failed to comply with any provision of the Decree, the complaining Party shall notify the other Party of the alleged non-compliance in writing and shall afford the alleged non-complying Party thirty (30) working days to remedy the non-compliance or to satisfy the complaining Party that the alleged non-complying Party has complied. If the alleged

non-complying Party has not remedied the alleged non-compliance within 30 working days, the complaining Party may apply to the Court for appropriate relief. In the event a Party applies to the Court for relief concerning previously-noticed alleged non-compliance prior to the expiration of this Decree, this Decree will not expire as to the specific subject matter included in the application for relief until such application is resolved by the Court.

## XII. MISCELLANEOUS PROVISIONS

29. The Parties shall each bear only their own costs, attorney fees, and expenses incurred in connection with this lawsuit.

30. The Commission may be required to report the fact of this Decree to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the Commission is required to do so, the Commission will provide Sanderson with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS). Sanderson Farms, LLC's EIN is: ███████. Sanderson Farms, LLC (Processing Division)'s EIN is: ███████. The individual to whom the Commission should mail a copy of the Form 1098-F, if the Commission is required to issue one, is Tia King, Associate General Counsel of Sanderson Farms, LLC, 127 Flynt Road, Laurel, MS 39443.

31. The Commission has made no representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been

13

met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission. The parties are not acting in reliance on any representations made by the Commission regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

32.   The Company will provide Jeremy L. Flowers with a signed letter in the form attached as Attachment B to this Decree.

33.   All terms of this Decree are material. If a Court finds any provision of this Decree unlawful, the Court will sever only the unlawful provision, and the remainder of the Decree will remain in full force and effect. Nothing in this Decree shall preclude the Company from engaging in collective bargaining regarding the related wages, hours or working conditions of its employees at the Subject Facility, or from engaging in discipline or other adverse employment action in any form (including without limitation, discharge of any employee or rejection of any conditional job offeree), for non-discriminatory and/or non-retaliatory reasons. No provision of this Decree shall require or be construed to require any action or forebearance by the Company which exceeds the requirements of the ADA or which violates the Company's rights thereunder. Should collective bargaining include any proposal to alter the revised ADA Policy during the term of this Decree, the Company will give the labor organization the EEOC Regional Attorney's contact information and will give the EEOC Regional Attorney the contact information for the labor organization. If the EEOC objects to any such proposal after notification, the EEOC shall promptly deliver that objection to the Company and to the

labor organization, in writing, contemporaneously. Otherwise, the Company may proceed with bargaining free of restriction imposed by this Decree.

34. Unless otherwise agreed in writing, Decree-related communications to the Commission will be mailed to Regional Attorney, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205 and concurrently emailed to marsha.rucker@eeoc.gov, Subject: Sanderson Farms McComb/Summit/Flowers ADA Settlement.

35. Unless otherwise agreed in writing, Decree-related communications to the Company will be mailed to Tia King, Associate General Counsel of Sanderson Farms, LLC, and concurrently emailed to Tia.King@waynesanderson.com; Subject: EEOC – McComb/Summit/Flowers ADA Settlement.

SO ORDERED AND ADJUDGED this 14th day of June 2023.

/s/ Keith Starrett

KEITH STARRETT
UNITED STATES DISTRICT JUDGE

AGREED, APPROVED, AND CONSENTED TO BY:

Plaintiff by:

*[signature]*

Marsha L. Rucker
Regional Attorney

Date: 5/30/23

Defendant Sanderson Farms, LLC by:

*[signature]*

Tia King
Associate General Counsel

Date: 5/24/23

and

Defendant Sanderson Farms, LLC (Processing Division) by:

*[signature]*

Tia King
Associate General Counsel

Date: 5/24/23

16

## Attachment A

## NOTICE

This notice is posted pursuant to a Conciliation Agreement entered into with the U.S. Equal Employment Opportunity Commission.

It is the policy of Sanderson Farms to offer employment opportunities to all qualified employees and applicants, regardless of race, age, sex, color, religion, national origin, or disability. There will be no discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA) of 1967; the Equal Pay Act (EPA) of 1963; Title I of the Americans with Disabilities Act (ADA); or the Genetic Information Nondiscrimination Act of 2008 (GINA).

We wish to emphasize that it is Sanderson Farms' policy to provide equal opportunity in all areas of employment practices. All employees shall feel free to exercise their rights under this policy.

Sanderson Farms will not retaliate against any employee because he or she has opposed any practice made an unlawful practice under Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA) of 1967; the Equal Pay Act (EPA) of 1963; Title I of the Americans with Disabilities Act (ADA); or the Genetic Information Nondiscrimination Act of 2008 (GINA); or has filed charges, testified, assisted or participated in any manner in any such investigation, proceeding, hearing or lawsuit under such law.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. Any report of such an allegation will be thoroughly investigated, with appropriate sanctions taken against any person found to have engaged in inappropriate conduct.

An employee who believes their rights have been violated may also contact the U. S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. Please be aware that there are strict time periods for filing such charges. Pursuing internal remedies provided by Sanderson Farms does not extend the time which you may have to file charges with the EEOC.

The address and telephone number of the nearest office of the Equal Employment Opportunity Commission is:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Jackson Area Office
Dr. A. H. McCoy Federal Building
100 W. Capitol Street, Suite 338
Jackson, MS 39269
Jackson Direct Dial: (769) 487-6910

17

**Attachment B**

[DATE]

To Whom it May Concern:

    Jeremy L. Flowers was employed by Sanderson Farms, Inc. (Processing Division) from November 4, 2010 through June 6, 2017. His last position held was Quality Control Operator.

                              Sincerely,

                              Sanderson Farms, LLC (Processing Division)